UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO: 2:17-cr-78-FtM-38CM

DWAYNE HARRIS
_____/

**ORDER**[1]

This matter comes before the Court on the Government's oral motion to sentence Defendant Dwayne Harris in absentia. (Doc. 81). On March 7, 2018, Harris pled guilty before United States Magistrate Judge Carol Mirando to several fraud and identify theft charges. (Doc. 51; Doc. 53). Judge Mirando continued Harris' pretrial release on an unsecured bond while he awaited sentencing. (Doc. 7; Doc. 59). On March 9, 2018, the undersigned accepted Harris' plea (Doc. 57), ordered a presentence report, and set his sentencing hearing for June 11, 2018. (Doc. 58). Harris did not appear at the June 11 sentencing hearing. The Government orally motioned to sentence Harris in absentia proffering evidence on why they believe he absconded. (Doc. 81). In response, his attorney, Lee Hollander, requested the sentencing be continued until he is apprehended. The Court declined to sentence Harris in absentia at that time, and continued the hearing.

Under Federal Rule of Criminal Procedure 43, a defendant who has pled guilty waives his right to be present when he is "voluntarily absent during sentencing[.]" Fed.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

R. Crim. P. 43(c)(1)(B). If the court finds a defendant to be voluntarily absent, it may sentence him in absentia. *See United States v. Bradford*, 237 F.3d 1306, 1312-14 (11th Cir. 2001); *see also United States v. Jordan*, 216 F.3d 1248, 1249 (11th Cir. 2000) (finding that the defendant, who pled guilty to a drug crime, was voluntarily absent after he escaped from detention prior to sentencing, and could be sentenced in absentia).

Although the Eleventh Circuit has not explained what constitutes voluntary absence, this Court has found that a defendant's actions and the circumstances of the case may imply it. *See United States v. Mendez*, No. 6:99-cr-131-Orl-19DAB, 2010 WL 271434, at *2 (M.D. Fla. Jan. 15, 2010); *see also Jordan*, 216 F.3d at 1249-50. Sister circuits have also given guidance on voluntary absence. *See United States v. Watkins*, 86 F. App'x 934, 936-37 (6th Cir. 2004) (holding that a defendant was voluntarily absent where he did not regularly report to pretrial services); *United States v. Sanchez*, 790 F.2d 245, 250 (2d Cir. 1986) (finding that a defendant "willfully absented himself without a reason" where there was no evidence of his whereabouts).

When faced with an absent defendant, courts may hold an evidentiary hearing before sentencing the defendant to protect his rights. *See, e.g.*, *Mendez*, 2010 WL 271434, at *3 (conducting an evidentiary hearing before sentencing to decide whether the defendant was voluntarily absent). The hearing helps courts weigh the disadvantages a defendant suffers by being sentenced in absentia against the undue burden that the courts and government face in not resolving their cases. *See, e.g.*, *Jordan*, 216 F.3d at 1251 (noting that a defendant voluntarily absent from sentencing waives the ten-day period in which to review the presentence investigation report).

Here, the Court has reset Harris' sentencing hearing for August 6, 2018. (Doc. 83). But before the Court will move forward with sentencing Harris, the Government must present evidence and/or testimony to show his voluntary absentia. After hearing the Government's evidence and any response from Harris' attorney, the Court will rule on the Government's oral motion to sentence Harris in absentia.

Accordingly, it is now

**ORDERED:**

(1) The Court **RESERVES** ruling on the Government's oral motion to sentence Defendant Dwayne Harris in absentia. (Doc. 81).

(2) The Court will hold an evidentiary hearing on **August 6, 2018, at 1:30 p.m.** regarding whether Harris has voluntarily absented himself from sentencing. If the Court grants the Government's motion, it will sentence Harris in absentia **immediately after** the evidentiary hearing.

**DONE AND ORDERED** in Fort Myers, Florida on this 28th day of June 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record