UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                                          CASE NO.: 2:17-cr-78-FtM-38NPM

DWAYNE HARRIS
_____

**ORDER**[1]

Before the Court is *pro se* Defendant Dwayne Harris' Motion for Reconsideration. (Doc. 114). The Government has not responded, and the time to do so has expired. Last month, Harris moved the Court to modify his sentence, grant him compassionate release, or transfer him to home confinement because he is "uniquely vulnerable" to COVID-19. (Doc. 107). The Court denied the motion because Harris has neither exhausted his administrative remedies nor shown extraordinary and compelling reasons for compassionate release. (Doc. 112). Harris now asks the Court to reconsider its decision because the Warden has denied his request for compassionate release. He also says that "Medical Records has responded to no one, and the true nature of Defendant's medical condition is being held hostage to COVID-19." (Doc. 114 at 1). From there, Harris states the Bureau of Prisons under reports the number of inmates infected with and dying of COVID-19.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Court of Appeals] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011) (citing *United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)). In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59. *See, e.g.*, *United States v. Hammoud*, No. 8:04-cr-2-T-27MAP, 2012 WL 13176320, at *1 (M.D. Fla. Sept. 13, 2012). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

The purpose of a motion for reconsideration is not to ask the court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the" court's ruling. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'" *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). Finally, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that in the

interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation and quotation omitted).

After considering Harris' motion, the record, and applicable law, the Court finds that Harris has shown no intervening change in controlling law, new evidence, or need to correct clear error or manifest injustice.  In his motion, Harris expresses disagreement with the Court's decision and continues to assert arguments that the Court rejected in its Order.  Also, even if the warden has since denied Harris' request for compassionate release—which he has attached no document to show so—the Court continues to find his request lacked the required information like where he will live, how he will support himself, where he will receive medical treatment, and how he will pay for treatment if released.  *See* 28 C.F.R. § 571.61(a) (identifying minimum information needed in an inmate's request for consideration under 18 U.S.C. § 3582(c)(1)(A)).  What is more, Harris provides no new evidence or arguments about a serious medical condition that is deteriorating and that he cannot provide self-care. Consequently, the Court denies Harris' motion.

Accordingly, it is

**ORDERED:**

Defendant Dwayne Harris' Motion for Reconsideration (Doc. 114) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 22nd day of May 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record